```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

UNITED STATES OF AMERICA,
                                              ORDER
        - against -
                                              18-CR-197 (KAM)

WARREN FLEMING,
                      Defendant.

-----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Before the court is a motion for reconsideration filed by defendant Warren Fleming ("Mr. Fleming"), acting *pro se*. (ECF No. 60, Motion for Reconsideration ("Mot.").) On May 26, 2020, through counsel, Mr. Fleming filed a motion to modify his prison sentence under the First Step Act. (ECF No. 56, Emergency Motion for Release from Custody.) The Government opposed the motion. (ECF No. 57, Response in Opposition.) In a Memorandum and Order dated June 1, 2020, this court denied Mr. Fleming's motion, finding that even though Mr. Fleming could be at a greater risk if he were to contract COVID-19, all other relevant factors weighed against modifying his sentence, and he had not shown "extraordinary and compelling reasons" warranting a modification of his sentence. (*See* ECF No. 58, Memorandum and Order ("June 1, 2020 Order").) On June 9, 2020, Mr. Fleming filed a Notice of Appeal of this court's June 1, 2020 Order.

(ECF No. 59, Notice of Appeal.)  On August 31, 2020, the Clerk of Court received the instant motion, seeking reconsideration of the court's June 1, 2020 Order.  For the reasons below, the motion for reconsideration is DENIED.

First, Mr. Fleming's motion for reconsideration is untimely.  Under Eastern District of New York Local Criminal Rule 49.1, "[a] motion for reconsideration or reargument of a Court order determining a motion shall be filed and served within fourteen (14) days after the Court's determination of the original motion."  L. Crim. R. 49.1(d).  This court's Order denying Mr. Fleming's motion to modify his sentence was issued on June 1, 2020, and so any motion for reconsideration should have been filed within fourteen days, by June 15, 2020.  Under the prison mailbox rule, a document is generally considered "to have been filed as of the date it was given to prison officials for forwarding to the court clerk."  *Adeline v. Stinson*, 206 F.3d 249, 251 n.1 (2d Cir. 2000).  The affidavit of service that Mr. Fleming included with the motion for reconsideration is dated August 4, 2020, and states that Mr. Fleming placed his motion "in the prison mailbox" on that date.  (Mot. at 7.)  The motion is, therefore, untimely.

Second, Mr. Fleming's motion fails on the merits.  A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a

2

rehearing on the merits, or otherwise taking a second bite at the apple[,] . . . and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations and quotation marks omitted); *see also* L. Crim. R. 49.1(d) ("A memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked shall accompany the motion" for reconsideration.)

Mr. Fleming has not cited any facts or controlling law that the court overlooked in denying his original motion to modify his sentence.  Mr. Fleming's motion for reconsideration argues that the usual requirement that a defendant must exhaust administrative remedies before filing a motion under the First Step Act should not apply to his motion, in light of the COVID-19 pandemic.  (Mot. at 1-3.)  But the court's Order did not find that Mr. Fleming's motion was procedurally barred for failure to exhaust; it found that Mr. Fleming's motion failed on the merits.  (*See* June 1, 2020 Order at 6.)  Mr. Fleming also argues that he would be at a greater risk if he were to contract COVID-19, as a result of his asthma combined with hypertension.  (Mot. at 4-5.)  In its Order denying his original motion, the court considered Mr. Fleming's heightened risk, and the presence of

3

COVID-19 at his prison facility.[1]  (*See* June 1, 2020 Order at 7-8.)  The court nonetheless found that despite his heightened risk, Mr. Fleming could manage his medical conditions with medication, and that "[a]ll of the policy factors" under the First Step Act, as well as the sentencing factors under 18 U.S.C. § 3553(a), "weigh[ed] heavily against modifying the sentence."  (June 1, 2020 Order at 9.)  Mr. Fleming has not pointed to any facts or controlling law overlooked by the court.

Accordingly, Mr. Fleming's motion for reconsideration is respectfully DENIED.  The Clerk of Court shall mail a copy of this Order to Mr. Fleming.

**SO ORDERED.**

Dated:      Brooklyn, New York
            September 11, 2020

                                        _____/s/_____
                                        Hon. Kiyo A. Matsumoto
                                        United States District Judge

---

[1] At the time of the court's original order, according to the Bureau of prisons, there were 15 active cases among inmates and two active cases among staff at FCI Danbury.  Currently, there are two active cases among inmates and none among staff.  Federal Bureau of Prisons, "COVID-19 Cases," *available at* https://www.bop.gov/coronavirus/ (accessed September 11, 2020).