```
United States District Court
Eastern District of New York
```

------------------------------------X

United States of America

    - against -                               **Memorandum and Order**

Warren Fleming,                            No. 18-cr-00197 (KAM)

        *Defendant.*

------------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

        The Court is in receipt of Mr. Fleming's letter motion for early termination of his three year term of supervised release, (ECF No. 68.), his counsel's supplemental letter motion, (ECF No. 71.), the Probation Department's report (ECF No. 69.), and the government's response in opposition, (ECF No. 72.).

        The Court appreciates the perspectives the parties provided and commends Mr. Fleming on his successful re-entry into the community. Nonetheless, the Court is required to consider a broad set of factors that ultimately weigh against early termination of supervised release in this case. For the reasons explained below, the motion for early termination of supervised release is respectfully denied.

**I.    Legal Standard**

        A district court may "terminate a term of supervised

release ... at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).  The court may only do so after considering certain 18 U.S.C. § 3553(a) sentencing factors.  See 18 U.S.C. § 3583(e).

"Courts do not order early termination of supervised release as a matter of course."  United States v. Stein, No. 09-CR-377 (RPK), 2020 WL 4059472, at *2 (E.D.N.Y. July 19, 2020) (internal quotations omitted).  "Rather, such relief may occasionally be justified by new or unforeseen circumstances, such as when exceptionally good behavior by the defendant renders a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."  Id.  (cleaned up) (citing United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)).

**II.  Discussion**

Following a 65-month custodial sentence for Possession of Cocaine Base with Intent to Distribute and Use of a Firearm During a Drug Trafficking Crime, Mr. Fleming began his three-year term of supervised release on December 27, 2022.  (ECF No. 69, at 2.)  Mr. Fleming has been compliant with his terms of supervised release and maintained full-time employment.  (Id. at 3.)  The Court notes his positive character reference written

2

by his employer.  (ECF No. 71-1.)  Also, Mr. Fleming has not been arrested or had any positive drug tests.  (ECF No. 71.)  In recognition of his success while on supervised release, the government "applauds [Mr. Fleming's] compliance with the requirements of supervised release and does not oppose reasonable relaxations of the conditions of his supervised release."  (ECF No. 72, at 1.)  Overall, it is undisputed that Mr. Fleming is doing well on supervised release.

Had Mr. Fleming's offenses in this case been first-time offenses, early termination of supervised release may have been warranted.  But the Court is required by statute to consider the § 3553(a) factors.  In particular, Mr. Fleming's criminal history, *see* 18 U.S.C. § 3553(a)(1), weighs heavily against early termination.  In 1995, Mr. Fleming was convicted of murder in aid of racketeering.  (ECF 44 ¶ 34.)  Throughout his supervised release for that sentence, Mr. Fleming was remanded three times for violations, including committing a robbery.  (ECF 44 ¶ 34.)  This prior instance of violent criminal activity while on supervised release – coupled with Mr. Fleming's subsequent drug and firearm offenses in the instant case – counsel in favor of caution.

Although Mr. Fleming's significant progress during his current term of supervised release is a positive indicator of rehabilitation and decreased risk of recidivism, the Court finds

that Mr. Fleming would benefit from (and not be unduly burdened by) the continued structure and support of supervised release, *see* 18 U.S.C. § 3553(a)(2)(D), until the completion of his sentence.  Should Mr. Fleming's employer require him to travel for work, he may request permission from Probation and the Court.  Having reviewed the parties' filings, weighed the relevant § 3553(a) factors, and balanced Mr. Fleming's progress with his overall criminal history, the motion for early termination of supervised release is respectfully denied.

**So ordered.**

Dated:    May 1, 2025
          Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York